### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE TOKASH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-835-JLF |
| ) | |
| WARDEN R. DAVIS, CAPTAIN GOMEZ ) | |
| and ASSOCIATE WARDEN RAU, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Petitioner, an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The basis for this action is Petitioner's current placement in a "boxcar" cell, which he claims is cruel and unusual punishment in violation of the Eighth Amendment. He also claims that he was placed in that cell without proper due process, in violation of his rights under the Fifth Amendment.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement *must* exhaust his administrative remedies prior to filing suit. Failure to exhaust those remedies is grounds for summary dismissal of the complaint. *See Ester v. Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). This is true even if the inmate cannot obtain the specific form of relief he desires. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1823 & 1825, 149 L.Ed.2d 958 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Massey*, 259 F.3d at 645-646.

Inmates in custody of the Bureau of Prisons can raise grievances regarding the conditions of their confinement, including their medical care, pursuant to administrative procedures set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally present [his] complaints to staff" for resolution. 28 C.F.R. § 542.13(a).

> If the inmate is dissatisfied with the response he receives, he must file a BP-9 seeking administrative review with the warden. *See* 28 C.F.R. §§ 542.14(a). If the inmate is dissatisfied with the warden's resolution of his grievance, he has twenty days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. §§ 542.15(a). If the inmate is dissatisfied with the regional director's disposition, his fourth and final appeal must be made to the Bureau of Prisons' general counsel by filing a BP-11 within thirty days. *See id.*

*Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

In this case, Petitioner states that he has filed a BP-8 and BP-9, but he admits that he has not yet filed an appeal "to the central office." He contends that such a requirement will take too long and should not preclude this lawsuit, as he should never have been placed in

the boxcar cell.  Unfortunately for Petitioner, the case law cited above clearly negates his argument; Petitioner was required to exhaust the administrative review process at U.S.P. Marion *before* filing suit in federal court.

In summary, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** without prejudice to Petitioner filing his claims in a future action, but *only after* he has completely exhausted his administrative remedies.

    **IT IS SO ORDERED.**
    **DATED:  February 2, 2006.**

                                       *s/ James L. Foreman*
                                        **DISTRICT JUDGE**